UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:14-CR-6 |
| JOSHUA GRIFFIN | ) | |
| | ) | COLLIER/ CARTER |

REPORT and RECOMMENDATION

I. Introduction

Joshua Griffin, who has been indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), has filed a Motion to Suppress [Doc. 35], an Amended Motion to Suppress [Doc. 41], and a Supplemental Motion to Suppress [Doc. 43]. For the reasons stated herein, it is RECOMMENDED Mr. Griffin's motions to suppress be DENIED.

II. Background

On November 7, 2013, the undersigned held a hearing on the defendants' various motions to suppress. However, the undersigned did not permit testimony to be given because I concluded testimony was not necessary or appropriate. I did permit certain search warrant affidavits and their corresponding search warrants to be placed in the record and these will be discussed as is appropriate. The parties also presented their arguments to the Court.

*Motion to Suppress [Doc. 35]*

Defendant's first motion seeks to suppress a .9mm Ruger pistol found forty feet outside an apartment at 3800 Provence Street in Chattanooga that was searched by police on or about March 11, 2013 pursuant to a search warrant. The Ruger pistol was found in an outside common area of the apartments.

1

*Amended Motion To Suppress[Doc. 41] and Supplemental Motion to Suppress [Doc. 43]*

The Supplemental Motion to Suppress is not a separate motion despite the manner in which it has been docketed. It is actually a supplement to the Amended Motion to Suppress and clarifies some of the arguments raised in the Amended Motion. The Amended Motion to Suppress focuses on a .380 Jennings pistol and rounds of ammunition found in a house located at 716 Sylvan Drive, Chattanooga, Tennessee. The May 22, 2013 Search Warrant Affidavit used to obtain the search warrant for 716 Sylvan sets forth the following:

After the March 11, 2013 search of the apartment at 3800 Provence Street where the Ruger was found outside the apartment, police obtained two search warrants to secure buccal swabs for a DNA comparison of Brian Hall, Jr. and Joshua Griffin. (May 22, 2013 Search Warrant Affidavit for 716 Sylvan Dr. at ¶6, Doc. 44-4, Page ID # 152.) Officers with the Hamilton County Sheriff's Office (HCSO) went to a house at 716 Sylvan Drive, Chattanooga where it was believed Griffin and Hall "were staying" to execute the warrants for the buccal swabs. *Id.* at ¶ 7. The May 22, 2013 Search Warrant Affidavit for 716 Sylvan Dr. further provides:

> Upon approaching the door of the address listed in #4 [716 Sylvan Drive] your Affiant could smell a strong odor of marijuana emanating from inside the residence. Upon your affiant knocking on the door of the residence listed in #4 your affiant could hear some commotion inside the residence, at which time a male ask [sic] who was it. Your affiant then advised the male it was Sheriff's Office [sic] to open the door. Your affiant knocked on the door again while advising the black male to open the door. Upon Brian Hall Jr. [sic] opening the door the smell of marijuana intensified greatly at which time Joshua Griffin was also order [sic] out of the residence. Due to all the commotion heard by your affiant and the possibility of other people inside the apartment possible [sic] destroying evidence and for officer safety, a sweep inside the apartment was conducted by other members of the Hamilton County Sheriff's Office Narcotics Division. After the residence was cleared for persons it was secured pending a search warrant.

2

(May 22, 2013 Search Warrant Affidavit for 716 Sylvan Dr., Doc. 44-4, Page ID # 153) (brackets added). Among the many items found inside the house at 716 Sylvan, police found a .380 Jennings firearm and some rounds. The one count indictment against defendant for a felon in possession of a firearm is based on the .380 Jennings firearm. (Government's Response at 4-5, Page ID ## 108-109).

### III. Discussion

*Motion To Suppress [Doc. 35]*

At the November 7, 2014 hearing, the government specifically averred that it has not charged defendant with illegal possession of the Ruger found outside the apartment at 3800 Provence Street nor does the government intend to use the Ruger as evidence in this case against the defendant. (Nov. 7, 2014 Hearing Transcript, Doc. 47 at 2, 4-5, Page ID # #194, 196-197). Therefore, it is RECOMMENDED that the Motion to Suppress [Doc. 35] be DENIED as moot.

*Amended Motion To Suppress[Doc. 41] and Supplemental Motion to Suppress [Doc. 43]*

Defendant asserts the .380 Jennings pistol is fruit of the poisonous tree, and, accordingly, must be suppressed. Defendant argues that the affidavit used to secure the search warrant to obtain a buccal swab from him was not supported by probable cause and since officers only came to the 716 Sylvan house to execute the invalid buccal swab search warrant, then the .380 Jennings and rounds found following the attempt to execute that search warrant were illegally obtained and must be suppressed. The government's response makes a number of arguments in opposition to the defendant's argument. None of the government's arguments need be discussed, however, because defendant has disavowed any legitimate expectation of privacy in the 716 Sylvan house when it was searched.

At the November 7, 2014 hearing, at which defendant was present and appeared to take an active role with his counsel, defendant's counsel specifically represented to the Court that defendant was not living, "staying," or an overnight guest at the 716 Sylvan house on March 22, 2014 when said house was searched and the .380 Jennings firearm and rounds were found. Subsequently in the hearing, the government argued that on the basis of these representations, the defendant had no legitimate expectation of privacy in the 716 Sylvan house and, that absent such an expectation, defendant had no basis to seek suppression of the .380 Jennings pistol. Following this assertion by the government, the undersigned asked counsel later in the hearing to confirm his client's position that defendant had not been living at the house at 716 Sylvan and that he had not been an overnight guest. Counsel again confirmed that that was his client's position. (Nov. 7, 2014 Hearing Transcript, Doc. 47 at 2-3, Page ID # #194 -95).

"'It is well-established that a defendant claiming that a search violated his Fourth Amendment rights has the burden of demonstrating that he had a legitimate expectation of privacy in the place that was searched.'" *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008) (quoting *United States v. Talley*, 275 F.3d 560, 563 (6th Cir. 2001)). Absent a legitimate expectation of privacy in the premises searched, the Fourth Amendment offers no protections to the defendant against police intrusions into the premises searched. *See United States v. Hunyady*, 409 F.3d 297, 300 (6th Cir. 2005) (the "capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.") (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).

When considering whether a defendant has met his burden to establish that he had a legitimate expectation of privacy in the place searched, a court must conduct a two part analysis.

4

First, the court must ask "whether the individual, by his conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that he sought to preserve something as private." *Bond v. United States*, 529 U.S. 334, 338 (2000) (internal citation omitted); *United States v. Gooch*, 499 F.3d 596, 601 (6th Cir. 2007) ("In order to be afforded protection under the Fourth Amendment, a person must exhibit a subjective expectation of privacy...."); *accord, United States v. Waller*, 426 F.3d 838, 844 (6th Cir. 2005); *United States v. King*, 227 F.3d 732, 743 (6th Cir. 2000).

Second, the court must inquire whether the individual's expectation of privacy is one that our society is prepared to recognize as reasonable. *Bond*, 529 U.S. at 338; *accord, Waller*, 426 F.3d at 844; *King*, 227 F.3d at 743.

Defendant's position is that he was not living, staying or an overnight guest at the house at 716 Sylvan Drive. "[A]n overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not." *Minnesota v. Carter*, 525 U.S. 83, 90 (1998), *see also*, *United States v. Plavcak*, 411 F.3d 655, 665 (6th Cir. 2005) ("It is well-settled that a person has no reasonable expectation of privacy where he is neither a resident nor an overnight guest in a residence"), *United States v. Harris*, 255 F.3d 288, 294-95 (6th Cir. 2001) ("Although an overnight guest may possess a legitimate expectation of privacy in a residence being searched, a temporary visitor to a residence may claim no such protection.")

Accordingly, because defendant was not a resident of or an overnight guest at 716 Sylvan Drive, he had no reasonable expectation of privacy in the residence and he cannot assert a violation of his Fourth Amendment rights occurred when police searched the house and found

5

the .380 Jennings pistol. Therefore, it is RECOMMENDED that defendant's amended motion to suppress [Doc. 41] and his supplemental motion to suppress [Doc. 43] be DENIED.

IV. Conclusion

For the reasons stated herein, it is RECOMMENDED[1] defendant's Motion to Suppress [Doc. 35] be DENIED as moot, and the Amended Motion to Suppress [Doc. 41] and the Supplemental Motion to Suppress [Doc. 43] be DENIED.

SO ORDERED.

ENTER.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

6

Case 1:14-cr-00006-CLC-CHS   Document 53   Filed 12/05/14   Page 6 of 6   PageID #: 217