UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:14-CR-6 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| JOSHUA GRIFFIN | ) | |

**MEMORANDUM AND ORDER**

Defendant Joshua Griffin ("Defendant") filed a motion to suppress evidence and a supplement to that motion to suppress (Court File Nos. 41, 43). The motion was referred to United States Magistrate Judge William Carter, who held a hearing and subsequently filed a Report and Recommendation ("R&R") concluding Defendant's motion should be denied (Court File No. 48). Magistrate Judge Carter filed an amended R&R again recommending that the motion be denied on December 5, 2014 (Court File No. 53). Defendant timely objected (Court File No. 55). The government responded opposing Defendant's objection (Court File No. 58). For the following reasons, the Court **ACCEPT** and **ADOPTS** the amended R&R (Court File No. 53). Accordingly, Defendant's amended motion to suppress and supplement to his motion to suppress will be **DENIED** (Court File Nos. 41, 43).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

During the execution of a search warrant for an apartment at 3800 Provence Street in Chattanooga, a .9mm Ruger pistol was found in an outside common area of the apartments. Subsequent to that search, the police obtained search warrants to secure buccal swabs to test the DNA of Brian Hall, Jr. and Defendant. Officers from the Hamilton County Sheriff's Department went to a house at 716 Sylvan Drive, Chattanooga where it was believed that Hall and the Defendant were staying. When the officers knocked on the door, they became aware of a strong

1

odor of marijuana emanating from the interior of the residence and heard a commotion coming from inside.  Brian Hall opened the door and the smell of marijuana intensified.  The officers ordered both Hall and Defendant out of the residence.  After the officers swept the residence for additional persons, they secured the house pending a search warrant.  During the execution of the search warrant, the officers found a .380 Jennings firearm and some ammunition for that firearm.  Defendant was charged with being a felon in possession of a firearm based on that .380 Jennings.

Defendant filed an amended motion to suppress both the .9mm Ruger pistol and the .380 Jennings (Court File No. 41) and filed a supplement clarifying his arguments (Court File No. 43).  The government has not filed charges based on the Ruger and represented to Magistrate Judge Carter that it does not intend to do so.  Magistrate Judge Carter recommended that this portion of the motion to suppress be denied as moot.  At the hearing before Magistrate Judge Carter, Defendant, through counsel, repeatedly confirmed that he was neither a resident nor an overnight guest at the 716 Sylvan Drive residence. Magistrate Judge Carter thus denied Defendant's motion to suppress based on the fact that Defendant lacked standing to object to the search of the Sylvan Drive residence.

## II.     STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C).  But *de novo* review does not require the district court rehear witnesses whose testimony has been evaluated by the Magistrate Judge.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).  The Magistrate Judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility.  *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264-65 (6th Cir. 1999).  The Magistrate Judge's assessment of

witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

### III. DISCUSSION

Defendant does not object to the Magistrate's mootness determination[1] but does object to the Magistrate Judge's recommendation as to the .380 Jennings as "contrary to the law, clearly erroneous and contrary to the evidence and applicable law presented to the Magistrate Judge" (Court File No. 55). Defendant cites no caselaw, evidence, or facts in support of this objection. This is not particularly surprising, as it has long been the case that a defendant must have a legitimate expectation in the place searched to have standing to challenge the search. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978).

"'The Fourth Amendment protects people, not places,' and provides sanctuary for citizens wherever they have a legitimate expectation of privacy." *Minnesota v. Olson*, 495 U.S. 91, 96 n.5 (1990) (quoting *Katz v. United States*, 389 U.S. 347, 351, 359 (1967)) (internal citation omitted). "A defendant must satisfy a two-pronged test to show a legitimate expectation of privacy: 1) he must manifest an actual, subjective expectation of privacy; and 2) that expectation is one that society is prepared to recognize as legitimate." *United States v. Pollard*, 215 F.3d 643, 647 (6th Cir. 2000). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 134.

The Magistrate Judge stated in his R&R that Defendant, through counsel, represented to

---

[1] Defendant does not object to this determination and thus the Court will DENY AS MOOT Defendant's motion to suppress the Ruger pistol.

3

the Magistrate Judge several times that he was neither an overnight guest nor a resident of the Sylvan Drive residence. He has alleged no other facts that might suffice to establish a legitimate expectation of privacy in that residence. On this basis, the Magistrate Judge properly concluded that Defendant had no legitimate expectation of privacy in the Sylvan Drive residence and thus no standing to challenge the search. *See Rakas*, 439 U.S. at 134. Because Defendant has not objected to any of the facts found by the Magistrate Judge and has not pointed to any precedent that casts doubt on this finding and because this Court's review has confirmed that the Magistrate Judge's determination is correct, the Court **DENIES** Defendant's amended motion to suppress and supplement as to the .380 Jennings firearm (Court File Nos. 41, 43).

## IV. CONCLUSION

For the above reasons, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 53). Defendant's amended motion to suppress and supplement are **DENIED** (Court File Nos. 41, 43).

SO ORDERED.

**/s/_____**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**